UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 11-60111- CIV-MARTINEZ- BROWN

SAMANTHA SCHREIBER,

    Plaintiff,

vs.

MAI-KAI, INC.

    Defendant,
_____/

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR INJUNCTIVE RELIEF

Defendant, MAI-KAI, INC., (hereinafter "Defendant") by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint for Injunctive Relief as follows:

### JURISDICTION

1.    Defendant admits to the allegations contained in paragraph 1 of the Complaint for jurisdictional purposes only.

2.    Defendant is without knowledge of the allegations contained in paragraph 2 and therefore denies same and demands strict proof thereof.

3.    Defendant is without knowledge of the allegations contained in paragraph 3 and therefore denies same and demands strict proof th ereof.

4.    Defendant is without knowledge of the allegations contained in paragraph 4 and therefore denies same and demands strict proof thereof.

5. Defendant is without knowledge of the allegations contained in paragraph 5 and therefore denies same and demand strict proof thereof.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint for jurisdictional purposes only.

## FACTUAL ALLEGATIONS AND CLAIM

7. Paragraph 7 is not an allegation against Defendant and Defendant is not required to formulate a response. In so far as Defendant is required to formulate a response, Defendant admits that Congress enacted the American with Disabilities Act (hereinafter "ADA").

8. Paragraph 8 (i-v) is not an allegation against Defendant and Defendant is not required to formulate a response. In so far as Defendant is required to formulate a response, Defendant admits to the content of the ADA as contained in the Act.

9. Paragraph 9 ( i-iii) is not an allegation against Defendant and Defendant is not required to formulate a response. In so far as Defendant is required to formulate a response, Defendant admits to the contents of the American with Disabilities Act as contained in the Act.

10. Paragraph 10 is not an allegation against Defendant and Defendant is not required to formulate a response. In so far as Defendant is required to formulate a response, Defendant admits to the contents of the ADA, 42 U.S.C § 12181 and 28 CFR § 36.508(a) as contained in the Act.

11. Admitted.

12. Paragraph 12 is not an allegation against Defendant and Defendant is not required to formulate a response. In so far as Defendant is required to formulate a response, Defendant admits to the contents of the ADA, 42 U.S.C. § 12134(a), 42 U.S.C. § 12181, et seq., and 2/8 C.F.R. § 36.508(a) as contained in the Act.

13. Denied and Defendant demands strict proof thereof.

14. Defendant is without knowledge of Plaintiff's attempts to access Defendant's facility, denies all of the remaining allegations contained in paragraph 14 of the Complaint and demands strict proof thereof.

15. Defendant is without knowledge of the allegations contained in paragraph 15 of the Complaint and therefore denies same and demands strict proof thereof.

16. Denied and Defendant demands strict proof thereof.

17. Denied including all of the subparts (1-17(a-g)) and Defendant demands strict proof thereof.

18. Defendant is without knowledge of the allegations contained in paragraph 18 of the Complaint and therefore denies same and demands strict proof thereof.

19. Defendant is without knowledge of the allegations contained in paragraph 19 of the Complaint and therefore denies same and demands strict proof thereof.

20. Denied and Defendant demands strict proof thereof.

21. Defendant is without knowledge of the allegations contained in paragraph 21 of the Complaint and therefore denies same and demands strict proof thereof.

22. Defendant is without knowledge of the allegations contained in paragraph 22 of the Complaint and therefore denies same and demands strict proof thereof.

23. Defendant admits to the contents of 42 U.S.C. § 12188(a) as contained in the Act but denies all remaining allegations in paragraph 23 of the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief can be granted because Mai-Kai has previously made all reasonable modifications required by the ADA.

### SECOND AFFIRMATIV DEFENSE

To the extent that Plaintiff has timely failed to assert his claims, they are barred by the applicable statute of limitations and/or doctrines of waiver and/or laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert this claim against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Under the ADA, Defendant is only obligated to make modifications that are readily achievable as that concept is defined by the ADA. Defendant has undertaken those measures or is in the process of undertaking such measures that are readily achievable as required by the ADA.

### FIFTH AFFIRMATIVE DEFENSE

The modifications demanded by Plaintiff are not readily achievable or technically feasible as defined by the ADA.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that the demanded modifications to the facility, policies, practices and procedures would fundamentally alter the nature of the facility, accommodations, goods or services, Defendant is not obligated to make such modifications.

## SEVENTH AFFIRMATIVE DEFENSE

The property is already partially or fully in compliance with the ADA and the ADAAG in light of what is readily achievable or technically feasible.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's facilities and services are readily accessible to and usable by individuals with disabilities as required by law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's lawsuit is not a catalyst of relief that may be obtained by this action.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff filed this suit under the ADA without providing notice, in writing or in person, to defendant advising of Plaintiff's allegations that the property is not in compliance. Additionally, Plaintiff failed to provide Defendant with the opportunity to remedy any alleged problems prior to filing suit.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered and is not suffering irreparable harm, and therefore, no injunctive relief is warranted.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant has made and continues to make a good faith effort to comply with the law pertaining to the issues in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for reasonable attorney's fees, costs and litigation expenses from Defendant must fail because, among other things, Plaintiff made no effort pre-suit to obtain

voluntary compliance with the alleged violations of the ADA and because Plaintiff's lawsuit is not the catalyst of relief that may be obtained in this lawsuit.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses.

WHEREFORE**, MAI-KAI, INC.**, requests judgment in its favor and against Plaintiff, including all attorney's fees and costs incurred in defending this action, and any other relief this Court deems proper. Defendant demands a trial by jury on all issues raised in the pleadings which are triable by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 11th, 2011.
Fort Lauderdale, Florida

                    Respectfully submitted,

                    TRIPP SCOTT, P.A.
                    110 S.E. 6th Street, 15th Floor
                    Fort Lauderdale, Florida  33301
                    Telephone:  (954) 525-7500
                    Facsimile:  (954) 761-8475
                    *Attorneys for Defendant*


                    _____
                    CATALINA M. AVALOS, ESQUIRE
                    Florida Bar No.: 090425
                    cma@trippscott.com
                    ALEX D. BROWN, ESQUIRE
                    adb@trippscott.com
                    Florida Bar No.: 0752665

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _____ day of March, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

TRIPP SCOTT, P.A.
110 S.E. 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-7500
Facsimile: (954) 761-8475
*Attorneys for Defendant*


CATALINA M. AVALOS, ESQUIRE
Florida Bar No.: 090425
cma@trippscott.com
ALEX D. BROWN, ESQUIRE
adb@trippscott.com
Florida Bar No.: 0752665

## SERVICE LIST

Aaron Behar, Esq.
Aaron Behar, P.A.
2000 Banks Road
Suite 218
Ft. Lauderdale, FL 33063
Telephone: 954-899-0200
Facsimile: 954-332-9260
Email: ab@aaronbeharpa.com
Counsel for Plaintiff

Lawrence Dean Popritkin, Esq.
Lawrence Popritkin, P.A.
1801 NW 66th Avenue
Suite 104
Plantation, FL 33313
Telephone: 954-791-7240
Facsimile: 954-791-7331
Email: lpopritkin@ldplaw.net
Counsel for Plaintiff

Catalina M. Avalos, Esq.
Alex D. Brown, Esq.
Tripp Scott, P.A.
110 SE 6th Street'
15th Floor
Ft. Lauderdale, FL 33301
Telephone: 954-525-7500
Facsimile: 954-791-8475
Email: adb@trippscott.com
Counsel for Defendant